# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JONATHAN LEE RICHES, | ) | 1:07cv1884 LJO GSA |
| | ) | |
| | ) | ORDER OF DISMISSAL |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MEL GIBSON et. al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jonathan Lee Riches ("Plaintiff") is incarcerated at FCI Williamsburg in South Carolina and filed the instant action on December 27, 2007. Review of the docket reveals that Plaintiff has filed more than 30 actions in this Court's Fresno and Sacramento divisions since October 2007. In fact, Plaintiff has inundated federal courts across the county with meritless litigation in recent years. He neither filed an application to proceed in forma pauperis nor paid the $350 filing fee for this action.

Review of his complaint reveals that it is patently frivolous and fails to state a colorable claim to invoke this Court's jurisdiction. His complaint, which names Mel Gibson and Danny Glover as the Defendants, is one paragraph and contains absurd statements such as "Mel Gibson came to FCI Williamsburg to the wall and threw stones at me yelling anti-semitic chants. He thought he was in Gaza." He also alleges that "Glover has been chanting anti-white black panther party slogans at me." Plaintiff cites 42 U.S.C. § 1983 and states that his Second Amendment rights are violated because he cannot purchase a handgun. His complaint is an abuse of the judicial process.

1 Indeed, other courts have dismissed Plaintiff's actions outright. For example, in the Middle
2 District of Florida, Plaintiff has been restricted to file civil complaints without payment of the full
3 statutory filing fee. Other courts' clerks have been directed to refuse a complaint filed by Plaintiff
4 and which was unaccompanied by the filing fee. In so ruling, United States District Judge Gregory
5 A. Presnell explained:

> It is not clear whether these outlandish pleadings are products of actual mental illness or simply a hobby akin to short story writing. Whatever their origin, and though they are amusing to the average reader, they do nothing more than clog the machinery of justice, interfering with the court's ability to address the needs of the genuinely aggrieved. It is time for them to stop.

*Riches v. Simpson, et al.*, 6:07cv1504-Orl-31KRS, Order of Court dated Sep. 24, 2007.

Review of Plaintiff's actions before this Court compel a finding that he should be similarly restricted. In addition to this action, Plaintiff has filed an action to request a restraining order against Dan Rather and to allege that Mr. Rather told him that if he didn't agree to "having [his] story on his show, he is going to send British Dr. Harold Shipman to FCI Williamsburg and inject my brain with antifreeze and brake fluid to make me submissive to Jewish Broadcasting." *Riches v. Rather*, 1:07cv1523 LJO GSA, Complaint, at 2. In another action, Plaintiff sues University of Arizona head basketball coach Lute Olson and alleges that Coach Olson is his biological father, as well as the father of the "Olson twins." *Riches v. Olson, et al.*, 1:07cv1886 AWI DLB, Complaint, at 1. In *Riches v. Follett*, 1:07cv1887 AWI SMS, Plaintiff seeks $13 million because he "can't join defendant's book club" despite being a "book worm since 1984." Complaint, at 1.

In short, Plaintiff's complaints before this Court are nonsensical, delusional and fail to state a claim under 42 U.S.C. § 1983 or a basis for this Court's jurisdiction.

On the basis of good cause, this Court:

1. DISMISSES with prejudice this action as frivolous; and
2. DIRECTS the Court's clerk to close this action and to refuse to file Jonathan Lee Riches' complaints and similar papers which are unaccompanied by the full statutory filing fee at the time of attempted filing.

IT IS SO ORDERED.

**Dated:   January 9, 2008**                    /s/ Lawrence J. O'Neill

UNITED STATES DISTRICT JUDGE